## Ranse Johnson v. The State.

1. Practice. — Objection that the minutes of court fail to show that the indictment was presented by a grand jury of the proper county, and by them duly returned into the District Court thereof, cannot be entertained when it is primarily made by motion in arrest of judgment.

2. Practice in this Court. — When requested instructions appear in the record, without any thing to indicate whether they were given or refused, the presumption on appeal is that they were given.

3. Fact Case. — See evidence which, on the authority of *Cato* v. *The State*, 4 Texas Ct. App. 87, is held sufficient to support on appeal a conviction for aggravated assault with a knife, though the accused neither struck with it nor was prevented from striking.

Appeal from the District Court of Rusk. Tried below before the Hon. A. J. Booty.

The parties in the affair appear to have been colored people. Charley Writings, the assaulted party, testifying for the State, deposed that it occurred close to a spring near a church in Rusk County. Witness and one Bennett got into a difficulty, and witness jumped on a bank above the spring and boasted that he was the best man on the ground. The defendant, standing close by, thereupon drew out a large dirk-knife, about six inches long, and raised it in a striking attitude, and near enough to reach witness with it, telling witness that if he moved he would "cut his d—d guts out." Witness, being unarmed, did not move, for fear of being cut; and the defendant, after holding the knife in a striking attitude for a moment or so, pushed witness with his left hand, and then turned and went away. This was all the material evidence for the State.

John Burney, for the defence, testified that he was very near the parties on the occasion in question, and saw every thing that passed. When Charley Writings made his boast that he was the best man on the ground, the defendant, who was standing near him, said, "Charley, you ought not to talk so;" but he did not draw any knife upon Charley,

nor lift one over him in a threatening manner. Defendant had a small pocket-knife in his hand, whittling on a small stick, but made no attempt whatever to use it on Charley. Witness was certain he could have seen any such attempt, and positive that none was made. Cross-examination elicited the facts that witness was a "half-brother-in-law of the accused, and a member of the church, who always tried to tell the truth;" whereas, *per contra*, Charley Writings bore a bad reputation in that regard. Two or three other witnesses concurred in this estimate of Charley's reputation; but it seems he had not lived in their neighborhood for several years.

Other matters are disclosed in the opinion.

*Drury Field*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. In this case appellant was tried under an indictment for assault with intent to murder, and was found guilty of an aggravated assault, with his punishment assessed by verdict and judgment at a fine of $27. This trial was had since the adoption and in pursuance of the provisions of our Revised Statutes. Under art. 498 of the Penal Code, the punishment for aggravated assault or battery now is "by fine not less than twenty-five nor more than one thousand dollars, or imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment."

Primarily no objection was made to the indictment, but through his motion in arrest of judgment for the first time defendant seeks to call in question the validity of the indictment, because the minutes of the court do not show that it was presented by a grand jury of Rusk County and returned into the District Court as required by law. Rev. Stats., arts. 414, 415. Such objection cannot be entertained on a motion in arrest of judgment. *Houillion* v. *The*

*State*, 3 Texas Ct. App. 538 ; *Jinks* v. *The State,* 5 Texas Ct. App. 68.

Several special instructions were asked in behalf of defendant, which, according to a note of indorsement made by the clerk, were refused ; but they are not indorsed " given " or " refused," nor are they signed by the judge. If refused, the action is not made the subject of either a bill of exception or of an assignment of error. Where the record is entirely silent, the presumption is the instructions were given as asked. *Seal* v. *The State*, 28 Texas, 491. Whether we should treat them as given or refused is immaterial in this case, since it appears to us that the charge of the court was sufficiently full and explicit, and it is not obnoxious to the criticism or objection of counsel as embodied in the supposed bill of exceptions copied into the record. This bill of exceptions is not approved, signed, or certified by the judge, and we are not apprised by what authority it has been incorporated into the record as a part of the proceedings.

In its salient features, the evidence presented a case in legal contemplation quite similar to *Cato* v. *The State*, 4 Texas Ct. App. 87, and, upon that case and the authorities there cited, no good reason is seen why the judgment of the court below in this case should not be affirmed, and it is therefore so ordered.

*Affirmed.*